Houston, Julian T., J.
Defendants move to strike all four hundred and forty-seven requests for admission submitted by the plaintiff in this medical malpractice claim. The defendants also move for a protective order, pursuant to Mass.R.Civ.P. 26(c). For the reasons set forth below, the defendants’ motions are allowed.

DISCUSSION

Under Mass.R.Civ.P. 26(c), the court may issue a protective order “to protect a parly or person from annoyance, embarrassment, oppression, or undue *729 burden or expense . . Furthermore, in considering discovery requests courts “must also take into account considerations of efficiency and economy.” In re Roche, 381 Mass. 624, 637 (1980). Requests for admissions must also be within the scope of Mass.R.Civ.P. 26(b) which states in part that a party may obtain information “which is relevant to the subject matter involved in the pending action.” Moreover, while information obtained during discovery does not have to be admissible during trial it must appear “reasonably calculated to lead to discovery of admissible evidence." Mass.R.Civ.P. 26(b)(1). Judges have wide discretion in discovery matters, and preventing abuses of the discovery process is sufficient justification for issuing a protective order. Cronin v. Strayer, 392 Mass. 525, 536 (1984).
In this case, the plaintiff Tyler made four hundred and forty-seven requests for admissions. The sheer number of requests imposes an unreasonable burden on all defendants. Moreover, the requests are repetitive and ask the defendants to admit facts that they have already denied in their answers to the plaintiffs complaint.[2] In addition, many of Tyler’s requests for admissions fall outside the scope of discovery. The plaintiff also asks for admissions regarding articles in medical journals and the professional reputation of doctors who are currently not involved in this case.[3] These questions are not directly relevant to Tyler’s claim. It is inefficient and unduly burdensome to ask the defendants to answer so many requests for admissions, especially when a large number of the requests are repetitive or outside the scope of discovery.

ORDER

It is hereby ORDERED that the defendant’s motion to strike four hundred and forty-seven requests for admissions and the defendant’s motion for a protective order be ALLOWED.

For example, in section II of the request for admissions the plaintiff asks the defendants to admit the address of each party to the law suit as well as factual elements already stated in his complaint.

See specifically, section I, requests 31-39 of the plaintiffs request for admission.